By the Court,
Co wen, J.
The only excuse set up for the sheriff’s default is, that the statute of limitations has run against an action for not returning the execution at the .return day. But this is clearly not a full answer. It furnishes no reason why the fi. fa. should not now be returned. Such return may be essential to warrant ulterior proceedings on the part of the plaintiffs—e. g. a further execution, a creditor’s bill, &c.
It is said, however, that we ought not, after such delay, to do more than charge the sheriff with costs; and we are inclined to think that he should be discharged, on now returning the writ, and paying the costs of this proceeding. The statute of limitations is certainly not, proprio vigore, a bar to the imposition of a fine for the benefit of the plaintiffs, even to the full amount of the sum endorsed upon thejfi. fa. But we think that, notwithstanding, where the party lies by, after the return day, till an action for not returning is barred by the statute, damages for the omission ought not summarily to be awarded. The party should be left to his action upon the return. The action for the original omission to return being barred, the party, by asking for a fine on' that account, seeks by indirection what the statute has denied to him directly. The general statute of limitations has no application, eo nomine, to a bill in equity, even when that is concurrent with the remedy at law. Yet the court of chancery always allows it in such a case to be pleaded ;(a) for the reason that the party should not be al *73 lowed to evade its effect by resorting to another forum. The principle applies here. Being barred of a remedy by action, he should not be permitted to hide his laches under the form of a proceeding for contempt. If the sheriff’s counsel thinks ‘a rule for leave to return nunc pro tunc will w-ork any additional protection, he may take a. rule for such leave.
Rule accordingly.

 See Cowen & Hills Notes to Phil. Ev. p. 326, 331 et seq., and the cases there cited; also Pratt v. Northam, (5 Mason, 95, 111, 112.)